Sebring *v.* Sebring.

Administrator with the will annexed of WILLIAM H. SEBRING, SR., deceased,

*v.*

Administrator of ABRAM SEBRING, deceased.

Where a complainant has suffered his suit to lie without prosecution for seven years, and it appears that the case is one which must be proved and resisted mainly by oral evidence, his bill should be dismissed simply on the ground that he has, by his laches, rendered it difficult, if not impossible, for the court to ascertain what the truth is.

On motion to dismiss bill.

*Mr. Walter L. Hetfield* and *Mr. Cortlandt Parker*, for motion.

*Mr. John H. Jackson* and *Mr. B. Williamson, contra.*

VAN FLEET, V. C.

The defendant moves to dismiss the complainant's bill for want of prosecution. The bill was filed August 9th, 1879, the defendant answered within the time limited, and the cause was put at issue by a replication filed December 12th, 1879. The complainant commenced taking testimony on the 31st day of January, 1880, and continued to do so at intervals until the 26th of February, when the examination was adjourned to March 3d, 1880. No testimony was taken on that day, and since then the complainant has taken no further evidence, nor has he taken any other step in the cause. He has suffered his cause to lie without prosecution for over seven years. Nothing is shown in justification of this extraordinary delay. The action is by a representative of a testator against the representative of an intestate. The ground of action is fraud. It is alleged, that the defendant, as administrator of Abram Sebring, deceased, made an oral agreement with the complainant's testator, in April,

1873, by which the complainant's testator acquired a good title to a patent right constituting part of the estate of the defendant's intestate, and that the defendant subsequently, in the fall of 1875, assigned the same patent right to another person, either without consideration or for a grossly inadequate consideration. The bill charges that this sale was made with intent to cheat and defraud the complainant's testator, and the object of the suit is to obtain redress for the fraud charged.

The case is one which, it is obvious, must be proved and resisted mainly, if not entirely, by oral evidence. Such is the character of the evidence which the complainant has already taken. He has already examined four witnesses. The fourth was under cross-examination when the examination was adjourned. This witness is a son of the complainant's testator, and is unquestionably the witness principally relied on to prove the complainant's case. The suit is his in fact; he procured it to be brought, and has thus far paid the expenses of its prosecution. The great body or principal part of the complainant's evidence was in when the examination was adjourned. So that the situation is this: the complainant examined his principal witnesses while their recollection of the facts to which they testified was comparatively fresh and clear, and then, after thus putting the main body of his proofs in condition to be preserved, desisted from all further prosecution of his suit for a longer period than would be sufficient to bar an action at law on a simple contract. He first put himself in position where he was secure—where neither the decay of memory, nor forgetfulness, nor the death of witnesses, could harm him, and then stopped and stood still for seven years. If he is now allowed to continue the prosecution of his suit, the defendant will, it is obvious, be compelled to bear all the injurious consequences of this great delay.

An action at law must be brought on a simple contract within six years from the time the right of action accrues, or the defendant may defeat the action by simply interposing the plaintiff's laches. This period has been fixed by almost universal consent. And the reason why this period has been limited as the time within which such an action must be brought, is, that

general experience has shown, that in controversies which must be settled by human testimony, it is almost impossible, in the great majority of instances, in consequence of the destruction of evidence which the lapse of this period of time causes, to ascertain what the truth is. The reason upon which this limitation rests applies with the utmost force, as it seems to me, to the case in hand. The complainant, after securing the main body of his evidence, has stood still for a period, which, by the general judgment of enlightened men, is sufficient to render all recollection of the transactions sought to be investigated, so far obliterated as to make it impossible for the court to ascertain the truth with certainty. The regulation, fixing six years as the time within which certain actions must be brought, rests on considerations of sound policy, and was established in the interest of peace and to promote the welfare of society.

The rule under which this motion is made declares, that if a suit be suffered to lie without prosecution for one year, it shall be considered abandoned, and the bill may be dismissed. The court would, I think, be bound, in the absence of any express regulation on this subject, and simply in the enforcement of a general principle of justice, to dismiss the complainant's bill in any case where it appeared he had been guilty of such extraordinary negligence as has occurred in this case. A complainant is bound by every consideration of safety to himself, and of duty to his adversary, to use diligence in the prosecution of his suit. He is required to exercise reasonable diligence in matters of practice as well as other matters. *Lee* v. *Cargill, 2 Stock. 331.* Laches are always discountenanced by courts of conscience. Nothing, it has been said, will call forth the activity of a court of equity but conscience, good faith and reasonable diligence. The defendant has been extremely slothful in asking for a dismissal. He has delayed his application for nearly six years after he was entitled to make it. This is not a case, however, in which it can be held that laches cures laches. The defendant was under no duty to the complainant to assist him in the prosecution of his suit. The complainant was the actor, and was, therefore, under a duty to the defendant to prosecute his suit

diligently. If he chose to go to sleep over his rights, the defendant was not bound to wake him, nor to warn him if he slept too long, that he would irretrievably lose his rights. He knew that himself. It was his duty to act accordingly, or to suffer the consequences of his failure.

The complainant's bill must be dismissed, with costs.